Keefe v. Vogle.

---

KEEFE v. VOGLE.

Promissory note: CONSIDERATION. A promissory note given in compromise of a doubtful claim is supported by a sufficient consideration. It is not necessary that the claim should be valid at law or in equity.

*Appeal from Marshall District Court.*

FRIDAY, JANUARY 25.

ACTION upon a promissory note. Verdict and judgment for defendant. Plaintiff appeals. The facts of the case necessary to a proper understanding of the points ruled are found in the opinion.

*M. T. Whitney*, and *Henderson & Merriman* for the appellant.

*Brown, Wyllis & Williams* for the appellees.

BECK, Ch. J. — This action was commenced before a justice of the peace where judgment was rendered for defendant. Upon an appeal to the circuit court a trial was had with like result. The defense to the note relied upon in these trials is want of consideration and fraud in its inception. There was evidence tending to show that the note had its origin in a transaction which may be briefly stated as follows: Defendant was the owner of certain cribs of corn. Some conversation was had between the parties in regard to the purchase, and a proposition was made and, as it is claimed, accepted by defendant. The price of the corn in money was handed to defendant, who then disclaimed his intention to sell, or that he had entertained such an intention, and offered to hand back the money to plaintiff, who refused to accept it. It was left by the defendant upon the counter of a store where the parties then were, and taken charge of by a third person. Plaintiff claimed the corn, and defendant refused to permit him to take it. Thereupon plaintiff threatened to institute legal proceedings to recover it, and was about to do so. The parties came together and settled the matter by defendant executing the note in suit, and plaintiff releasing his claim upon the corn. Defendant now insists that his conversation and negotiation with plaintiff in regard to the sale of the corn was simply a pleasantry, and that he had no intention at any time to sell the property, and that the other party so understood the transaction, and for this reason the note is without consideration and fraudulent. Plaintiff contends that the transaction, as well as the settlement resulting in the execution of the note, was in good faith.

The following instruction among others was given to the jury: "If the note in question was given without consideration, or in compromise of a pretended claim not in good faith,

or in compromise of a claim not sustainable at law or in equity, then you should find for the defendant." This instruction, so far as it relates to the validity of the note, regarding it as given in the settlement of a disputed claim, does not announce the true rule, but stops short of it. If the claim compromised was doubtful, it is a sufficient consideration for the note given in its settlement. This is held in *Sullivan* v. *Collins*, 18 Iowa, 228. The rule of the instruction demands that the claim settled be shown to be valid at law or in equity. The doctrine recognized by this court supports the note if the claim settled appears to be doubtful. It is sustained not only by authority, but by sound reason.

The other instructions were mainly intended to direct the jury in determining the question of the validity of the sale of the corn, or rather whether there was in fact a sale. And upon this question the cause, under the instruction above quoted, seems to have been decided. But the true question in the case, namely, was the transaction of such a character as to leave the rights of the parties in doubt, was lost sight of by the court, and not submitted to the jury. The prejudice to plaintiff, resulting from the instruction in question, is apparent.

Other objections raised by appellant need not be considered as the judgment, for the error above pointed out must be

Reversed.