### DRAKE v. HILL ET AL.

<div style="float:right">53  37<br>82 203</div>

1. **Contract: SUBSTITUTION: SETTLEMENT OF ACCOUNT.** Where the plaintiff held an account against the defendant and another, whom he alleged to be partners, but the partnership was denied by the defendant, who claimed that he was liable for one-half the amount only, it was held that the taking by the plaintiff of the individual time note of each of the debtors for one-half his claim constituted a new contract, and that the defendant could not be held liable for the portion covered by the note of the other party.

2. ———: **CONDITION PRECEDENT.** Where the plaintiff furnished certain materials to a subcontractor under the defendant, for which the defendant agreed to pay upon the orders of the subcontractor, it was held that the presentation of such order was essential to establish a liability upon the part of the defendant.

*Appeal from Davis Circuit Court.*

### WEDNESDAY, DECEMBER 17.

THIS action was brought to recover for certain timber delivered by plaintiff along the line of the Quincy & St. Paul Railroad, to be used in the construction of the road. The building of that part of the road had been let to a corporation known as Clark, Hill, Thompson & Co., and by them sublet to Rossiter & Manuel, who employed the plaintiff to furnish the timber in question. The defendants, Hill & Thompson, are stockholders in the corporation, Clark, Hill, Thompson & Co. Recovery against them is sought upon the ground that they, as well as Rossiter & Manuel, promised to pay for the timber. Hill alone defends. For answer he says that a part of the claim, if it ever had any validity, has been discharged by a settlement and payment, and as to the other part he makes a general denial.

There was a trial without a jury and judgment for the plaintiff for $270. Both the plaintiff and the defendant Hill appeal.

*M. H. Jones* and *Traverse & Eichelberger*, for plaintiff.

*Trimble, Carruthers & Trimble* and *J. C. Coad*, for defendant Hill.

Adams, J.—I. The plaintiff delivered timber to the amount of $666.60, and obtained from Rossiter & Manuel an order for payment on the defendants. Upon the presentation of the order a dispute arose between the plaintiff and Hill, the plaintiff claiming that Hill & Thompson, as partners, agreed to pay such orders, and that each was, therefore, liable for the whole; Hill claiming that he and Thompson were not partners, and that the agreement was that each should pay one half. The plaintiff finally took a note from Thompson for one-half, and a note from Hill for the other half. Hill afterwards paid his note. Thompson failed to pay. The plaintiff tendered Thompson's note to Hill and demanded of Hill the payment of that half of the claim which Thompson's note represented. Hill refused to pay, and this action is brought to recover the amount thus claimed. The plaintiff contends that Hill was originally liable for the whole, and that he was not released from any part of such liability by reason of anything which was done afterwards. He insists that there was no compromise with Hill inasmuch as Hill paid only what he admitted that he was liable for, and that any pretended release of the balance of the claim was without consideration.

*1. CONTRACT: substitution: settlement of account.*

Whatever promise Hill made was verbal. The question as to whether it is within the statute of frauds or not has been discussed by counsel with much learning and ability. The court below held that it was not, but that Hill was discharged by reason of the settlement, and accordingly denied the plaintiff's right to recover, so far as this claim is concerned. This constitutes the ground of the plaintiff's complaint.

As to whether the promise was within the statute of frauds

we shall not attempt to determine.  For the purposes of the opinion it may be conceded that it was not.  With this view Hill became liable for the whole if the contract was as plaintiff claims.  Now if the plaintiff had done nothing more than to receive from him the amount which he admitted to be due, and agree to release him from the balance, it appears to us doubtful whether such release would be valid.  But he did something more.  He took from Thompson a time note, and in so doing we think he released Hill from that part of the claim covered by the note.  It may be that one member of a firm has implied authority to procure an extension of time upon a claim against the firm; if so an extension granted to the firm upon the application of one member would not release the others.  But the extension in question was not granted to the firm.  It was granted to Thompson only.  If Hill had paid the part covered by Thompson's note, he could not have enforced contribution from Thompson until the maturity of the note.  This fact, if no other, should have the effect to release Hill from such payment.

II.  The other claim is for timber furnished, for which no order for payment was given by Rossiter & Manuel on the defendants, or either of them.  The court found the defendant's contract to be to pay upon the order of Rossiter & Manuel, yet in the absence of such order it allowed the plaintiff to recover.  This constitutes the ground of the defendant Hill's complaint.

2. ——: condition: precedent.

Upon what ground the court allowed a recovery in the absence of an order for payment from Rossiter & Manuel, after finding that the defendant's agreement was to pay upon the order of Rossiter & Manuel, does not appear.  The plaintiff insists that he was entitled to a judgment, notwithstanding he obtained no order from Rossiter & Manuel, because he was prevented by Hill from obtaining the order.

The facts appear to be that the plaintiff performed his contract with Rossiter & Manuel, but only a part of the timber

was used. For the part not used no order for payment was given by Rossiter & Manuel on the defendants, and it is for that part that the claim in question is made. The evidence tends to show that the timber was not used because Hill ordered Rossiter & Manuel to stop work. Whether Hill had authority to stop the work does not appear, nor do we deem it important to inquire. For the timber furnished and not used we think that a claim accrued to plaintiff against Rossiter & Manuel. If they owed plaintiff for the timber there was no reason why he might not properly demand payment in cash or an order. It may be that the timber not having been used, Rossiter & Manuel were not in a condition to demand payment from the corporation under which they were contractors. But that is not material. They became indebted to plaintiff, and the court found that Hill & Thompson agreed to pay their orders. Under that finding, if an order had been given, Hill & Thompson could not have escaped liability upon the ground that nothing was due Rossiter & Manuel. The fact, then, that Hill stopped the work constituted no reason why Rossiter & Manuel should not give an order on defendants. The order, then, was withheld arbitrarily, and not through Hill's fault.

The fact doubtless was that Rossiter & Manuel expected that the plaintiff would be paid out of money that would otherwise come to them under their contract with Clark, Hill, Thompson & Co., and that they declined to give the order if one was demanded because at the time it was demanded there was nothing due them from Clark, Hill, Thompson & Co. But Hill's liability under the findings was independent of such fact. His liability rested solely upon his agreement to pay Rossiter & Manuel's orders, and it was his right to refuse to pay except upon their orders. Hill needed their orders in order to justify him in charging them with such payments as he should make, and he did not need the orders less because there was nothing due Rossiter & Manuel from Clark, Hill,

Drake v. Hill.

Thompson & Co. If Hill was the means of loss to Rossiter & Manuel he might be liable to them for such loss, but we are unable to see how a wrong done by him to them could enable the plaintiff to recover of him otherwise than in accordance with the terms of their contract with him. In our opinion the court erred in rendering judgment for plaintiff. On the plaintiff's appeal the judgment of the court below must be affirmed, and on the defendant's

REVERSED.

### SUPPLEMENTAL OPINION.

ADAMS, CH. J.—The plaintiff in a petition for a rehearing insists that Hill was not released by reason of the plaintiff's taking a time note from Thompson. He insists that the evidence shows that the note was taken with Hill's knowledge and consent. If there had been an undisputed liability upon the part of Hill for the whole debt, we think that Hill would not be released by the mere extension of time to Thompson, if done with Hill's consent. But Hill claimed that he was liable for only one-half; and when the plaintiff accepted from each a promissory note in accordance with Hill's theory of their respective liabilities Hill had a right to assume that no claim could be asserted against him thereafter for the part covered by Thompson's note. A new contract was entered into; what before was an open account payable on demand became merged in the notes payable on time. Hill's exemption from further liability should not, we think, be placed so much upon the ground of release by extension to Thompson as upon the ground of a settlement and substitution of a new contract which embraced among other things an extension to Thompson.