J. A. SHAW, Appellee, v. CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY, Appellant.

**Railroads:** INJURY TO STOCK: DAMAGES: LIQUIDATION: STATUTORY
PENALTY. Where live stock running at large is killed or injured
by a railroad train through the neglect of the railway company to
fence its right of way, an adjustment, it seems, between the rail-
way company and the owner of the stock as to the amount of

actual damages sustained, and the receipt by the owner from the railway company of a duebill for the amount of damages agreed upon, will preclude the owner, without previous demand for payment, upon the expiration of thirty days after service of notice and affidavit as to the value of the stock injured, made prior to such adjustment, from commencing an action for double damages under section 1289 of the Code.

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

FRIDAY, FEBRUARY 6, 1891.

ACTION to recover double the value of live stock alleged to have been killed by an engine of the defendant, by reason of the failure of the defendant to maintain a sufficient fence along its railway at a place where it had a right so to do. There was a trial and a judgment for the amount claimed. The defendant appeals. *Reversed.*

*Thos. S. Wright* and *Tannehill, Vermillion & Vermillion,* for appellant.

*T. M. Fee,* for appellee.

ROBINSON, J.—The plaintiff claims that on the night of June 19, 1889, an engine of the defendant railway company ran over three of his colts, killing one, and causing the others to be killed ; that the colts were running at large on his farm, and escaped therefrom onto the railway of the defendant, where they were struck by the engine, in consequence of the failure of the defendant to maintain a sufficient fence at a point where it had the right to do so ; that the reasonable value of the colts was two hundred and ten dollars. On June 20, 1889, the plaintiff served upon the defendant a notice in writing of his loss and damage, accompanied by an affidavit as contemplated by section 1289 of the Code. On the twenty-eighth day of that month, the adjusting agent of the defendant visited the plaintiff for the purpose of settling the liability of the defendant. At that

time the agent gave to the plaintiff a writing, which was as follows:

"Due J. A. Shaw, for value received, $210.

"S. S. STACKHOUSE,

"Adjusting Agent, C., R. I. & P. Ry. Co."

And at the same time the plaintiff signed and delivered to the agent an instrument in writing, of which the following is a copy:

Chicago, Rock Island & Pacific Railway Company, J. A. Shaw, Dr.

For two colts, 18 months old, English draught . . . . . . . . . . . . . .$130 00
For one black filly, 20 months old, English draught . . . . . . . . .  80 00

$210 00

"Killed three miles west of Centerville, Iowa, June 20, 1889; train number 14, engine number 20; defective fence. Killed on section 76, Southwest Division.

"CENTERVILLE, IOWA, June 28, 1889.

"Received of Chicago, Rock Island & Pacific Railway Company the sum of two hundred and ten dollars, in full for above account.

"J. A. SHAW."

The duebill given by the agent of the defendant, not having been paid, this action was commenced August 8, 1889. The plaintiff contends that the duebill was not taken in payment of his claim, and that he is entitled to recover double the value of the stock killed, and he demands judgment for that amount. The defendant insists that the duebill was given to settle the claim of the plaintiff, and that it is not liable in this action, for the reason that it is not founded upon the duebill. Evidence was submitted on the part of the plaintiff which tended to show that the allegations of his petition in regard to the value of the colts, the cause of their death, and the liability of the defendant therefor, were true. The defendant then called its agent Stackhouse who testified to the giving of the duebill, and receipt and to the conversation which he had with the plaintiff at that time. The plaintiff then testified that the duebill was not accepted in payment of his claim, but as a memorandum; that nothing was said about taking that in full

payment; that the agent agreed to send him the money within eight or ten days; that he relied on the promise of the agent, and signed the voucher, and took the duebill; that nothing was said about releasing his claim. When the evidence had been fully submitted, the defendant moved the court to direct a verdict for the defendant, but the motion was overruled. The plaintiff thereupon made a motion to direct a verdict for him, which was sustained, and a verdict was returned in his favor, by order of the court, for the sum of four hundred and twenty dollars. A motion for the defendant for a new trial was overruled, and a judgment entered in favor of the plaintiff for the sum named in the verdict, and costs.

Section 1289 of the Code provides, in regard to a corporation being liable for stock killed by reason of its failure to maintain a proper fence where the right to fence exists, that "if such corporation neglects to pay the value or damage done to any such within thirty days after notice, in writing, accompanied by an affidavit of such injury or destruction, has been served * * * such owners shall be entitled to recover double the value of the stock killed, or damages caused thereto." The appellee contends that the giving of the duebill to him by the agent of the defendant was not designed by either party to the transaction to operate as payment of the claim of the plaintiff, and, therefore, as the duebill was not paid within thirty days after the statutory notice was given, the claim of the plaintiff for double the value of the stock killed was perfected by the lapse of time, and is not affected by the giving of the duebill.

The general rule undoubtedly is that the giving and accepting of a duebill or promissory note for an antecedent debt will not operate as a payment of such debt, unless it was so intended by the parties. *Farwell v. Grier*, 38 Iowa, 83; *Carlin v. Heller*, 34 Iowa, 256; *Hall v. Smith*, 10 Iowa, 45. But we do not think that rule is applicable to this case. Prior to the giving of the duebill, the claim of the plaintiff was unliquidated. It had not been admitted by the defendant to be just. The

liability of the defendant depended upon certain facts, the existence of which it was incumbent upon the plaintiff to prove. The amount for which the defendant was liable, if liable at all, was also a matter of dispute. The duebill and receipt were given under those circumstances, and must be considered together as constituting a single agreement. In effect the defendant agreed to give, and the plaintiff agreed to accept, the duebill in the full settlement of the matters in dispute between them. The settlement of a disputed claim, although if it be of doubtful validity, furnishes a sufficient consideration for the agreement of settlement. *Keefe v. Vogle*, 36 Iowa, 87; *Sullivan v. Collins*, 18 Iowa, 228; *Schaben v. Brunning*, 74 Iowa, 102; *Drake v. Hill*, 53 Iowa, 37; *Pool v. Docker*, 92 Ill. 501. In *Hanley v. Noyes*, 35 Minn. 174; 28 N. W. Rep. 189, the plaintiff had an unliquidated and disputed claim against the defendant for some fifteen hundred dollars. The parties, by way of settlement and compromise, liquidated it at eight hundred dollars. Of that amount the defendant paid seven hundred and eighty-five dollars. The plaintiff contended that, as the amount agreed upon in the settlement had not been paid, it was a case of accord without satisfaction, and that the agreement was not a bar to an action for the original claim. The court, however, held that there was a statement or liquidation of a disputed account by compromise constituting an obligation or agreement between the parties, valid as to both, and, in the absence of fraud or mistake, conclusive as to the amount due. In this case the good faith of the settlement is not questioned. It is not claimed it was secured by fraud or was the result of a mistake. The defendant admits its liability thereon, and has offered to pay the amount of the duebill, but the offer so made was refused by the plaintiff, who demanded double the amount of the loss he had sustained. He did not demand payment of it before this action was commenced. Whether, in case such a demand had been made, and the payment had then been refused, the plaintiff could have

disregarded the settlement, and brought an action for double damages is a question not involved in this case.

This action is not founded upon the duebill. The plaintiff attempted, by an amendment to his petition, to set it out, and demand a recovery thereon, but the amendment was stricken from the files, as not being germane to the original cause of action, and, therefore, presents no question for our determination.

We conclude that, upon the undisputed facts disclosed by the record, the plaintiff is entitled to recover only the amount of the duebill; that, under the ruling of the district court, from which the plaintiff does not appeal, this action is not founded upon the duebill, and, therefore, that the court below erred in directing a verdict for plaintiff, and in not directing a verdict for defendant. Nothing we have decided will preclude the plaintiff from bringing an action on the duebill.

For the reasons indicated the judgment of the district court is REVERSED.'