82 742
84 663

82 742
119 318

GEORGE W. MCLUEN, Appellant, v. DISTRICT TOWNSHIP OF BEAR GROVE et al., Appellees.

Practice in Supreme Court; ASSIGNMENT OF ERRORS FILED AFTER STATUTORY TIME.

*Appeal from Guthrie District Court.*—HON. O. B. AYERS, Judge.

SATURDAY, FEBRUARY 7, 1891.

THIS is a suit in equity, by which the plaintiff seeks to enjoin the defendants from removing the schoolhouse. A temporary injunction was granted. The defendants filed an answer, and a motion to dissolve the injunction. The motion was submitted to the court upon the petition and answer and certain affidavits, and the injunction was dissolved. The plaintiff appeals.—*Dismissed.*

*E. W. Weeks* and *Kauffman & Guernsey,* for appellant.

*F. O. Hinkson* and *Applegate & Brown,* for appellees.

ROTHROOK, J.—The motion to dissolve the injunction contained some eight different grounds therefor. Some five or six of these alleged causes for dissolving the injunction appear to be material, and are argued by counsel for appellant. The abstract of the appellant was served upon counsel for the appellee on the thirty-first day of March, 1890, and filed in this court on the fourteenth day of April of the same year. The abstract contained no assignment of errors. After the cause was argued by the appellant and appellees, the appellant filed an assignment of errors under the name of an "amendment to the abstract." This assignment of errors was served upon appellees' counsel on the thirteenth day of May, 1890, during the term of this court, and two days before the day assigned for causes appealed from the judicial district from which the appeal was taken. The cause was submitted on the sixteenth day of May, and at the same time a motion to strike the assignment of errors was submitted with the case.

It is not claimed by the appellants that an assignment of errors was not necessary. It was determined by this court several years ago that an assignment of errors is necessary in a case like this. *Powers v. O'Brien Co.,* 54 Iowa, 501; *Patterson v. Jack,* 59 Iowa, 632. And we have held that, where an assignment of errors was not served upon the appellee ten days before the first day of the trial term, the appeal will be dismissed on motion; and that an assignment of errors not filed ten days before the first day of the term, and not until after the appellee's argument was filed, cannot be considered. *Russell v. Johnston,* 67 Iowa, 279. Section 3183 of the Code expressly provides that for a failure to serve and file an assignment of errors ten days before the first day of the trial term the appellee may have the appeal dismissed, or the judgment or order affirmed, unless good cause be shown for the failure by affidavit. Counsel for appellees raise the question in their argument. The appellant after that and without any showing whatever, and without leave, filed the assignment of errors, and afterwards the appellees moved to dismiss. There is an affidavit in resistance of the motion, but it is founded on hearsay; and even if the facts were verified by the party having knowledge thereof, they show no "good cause for the failure." The appeal will be DISMISSED.