EMMA P. FRENCH, Appellant, v. SARAH T. FRENCH, Appellee.

1. **Evidence:** TRANSACTIONS WITH DECEDENT: INTERPRETATION OF PHRASE, "NEXT OF KIN." A widow is next of kin to her deceased husband within the meaning of section 3639 of the Code, providing that no party to any action shall be examined as a witness in regard to any personal transaction or communication between such witness and one deceased, as against the "next of kin" of such deceased person.

2. **Promissory Note:** CONSIDERATION: SETTLEMENT OF DISPUTED CLAIM. The compromise or settlement of a disputed claim is a sufficient consideration to support a promissory note, and the invalidity of the original obligation cannot be shown in defense to an action thereon.

3. ————: PAYMENT: EVIDENCE. The acceptance of a promissory note in payment of the note of another will not fail of that effect because both notes are retained by the common payee.

4. **Statute of Frauds:** PROMISE TO PAY DEBT OF ANOTHER FOR BENEFIT OF PROMISOR. A promise to pay the debt of another, if made for the benefit of the promisor, is not within the statute of frauds.

5. **Promissory Note:** SUBSEQUENT TRANSACTIONS: PRESUMPTION OF PAYMENT. In an action by the assignee of a promissory note given by the defendant in payment of a note made by her deceased husband for three hundred and twenty-one dollars, it appeared that, after the original note became due, the plaintiff's assignor made to said deceased his note for fifteen hundred dollars, and secured the same by a mortgage upon his farm. The said original note of three hundred and twenty-one dollars was for money loaned the deceased by both the assignor and assignee. *Held*, that the facts warranted the presumption that the original note was paid at the time the plaintiff's assignor made the note of fifteen hundred dollars, and, if the plaintiff took the note in suit after maturity, the burden was upon her to show that payment had not been made.

| 84 | 655 |
| 89 | 213 |
| 84 | 655 |
| s91 | 140 |
| 91 | 611 |
| 84 | 655 |
| d96 | 410 |
| 101 | 306 |
| 84 | 655 |
| 104 | 70 |
| 84 | 655 |
| 108 | 674 |
| 84 | 655 |
| 118 | 512 |
| 84 | 655 |
| f125 | 451 |
| 84 | 655 |
| 129 | 198 |
| 130 | 713 |
| 84 | 655 |
| 140 | 114 |

6. **Practice in Supreme Court:** OMISSION OF ASSIGNMENT OF ERRORS: DISMISSAL. An appeal will not be dismissed by the supreme court because of the failure of the appellant to make an assignment of errors, unless an application therefor is made by the appellee in the form of a motion.

*Appeal from Mitchell District Court.*—HON. G. W. RUDDICK, Judge.

TUESDAY, FEBRUARY 9, 1892.

ACTION to recover an amount alleged to be due on a promissory note. There was a trial by jury, and a verdict and judgment in favor of the defendant. The plaintiff appeals.—*Reversed.*

*J. M. Moody, M. M. Browne* and *C. D. Ellis*, for appellant.

*Eaton & Clyde*, for appellee.

ROBINSON, C. J.—The note in suit was given by the defendant on the seventh day of December, 1883, for the sum of six hundred and ten dollars, with interest thereon at seven per cent. per annum. It was made payable to Seth P. French, and was by him assigned to the plaintiff. J. W. French, the husband of the defendant, died in June, 1877, possessed of notes and mortgages of the value of six thousand dollars or more. Administration of his estate was not granted, but the defendant took possession of the property, and apparently retained it for her own benefit. When the note in suit was given, Seth P. French, who is the husband of the plaintiff, and a son of the defendant and her late husband, presented to the defendant an instrument in the form of a promissory note for the sum of three hundred and twenty-one dollars and interest, which purported to have been given by the deceased in the year 1874, and to be payable to Seth. He demanded payment of the note, insisting that his

mother was responsible for its payment, because she had appropriated the property which belonged to his father's estate to her own use; and the note in suit was given in settlement of the demand thus made. The defendant claims that her note was given without consideration, and that she was induced to make it by the representations of Seth that the note for which he demanded payment was given by his father; that it was due and wholly unpaid; and that the defendant was legally bound to pay it. The defendant avers that these representations were false and fraudulent and known to be so by Seth, but that she believed them to be true, and relied upon them in making the note in suit. Of the defenses pleaded the only one submitted to the jury was that of want of consideration.

I. It was claimed on the part of the plaintiff that the note for three hundred and twenty-one dollars was

1. EVIDENCE: transactions with decedent: interpretation of phrase, "next of kin." given for money loaned to J. W. French, the most of which was furnished by her; and that she owned the note when it was given, notwithstanding the fact that it was made payable to her husband. She was asked as a witness to state the consideration of the note, but her testimony as to that was objected to on the ground that it was incompetent, relating to a personal transaction with a person deceased, and the objection was sustained. Section 3639 of the Code provides that, "No party to any action or proceeding * * * shall bo examined as a witness in regard to any personal transaction or communication between such witness and a person, at the commencement of such examination, deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, legatee, devisee or survivor of such deceased person." The defendant is not an executor or administrator within the meaning of the statute. She can be regarded at most only as an executrix *de son tort;* but, as her acts in

administering the estate of her deceased husband have
been without authority of law, she is not entitled to the
protection of the statute as executrix or administra-
trix.   She is not an heir at law of her deceased hus-
band.   *Phillips v. Carpenter,* 79 Iowa, 600.   It is not
claimed that she is an assignee, legatee or devisee,
and there is no ground for claiming that she is a
survivor.   *Reynolds v. Iowa & Neb. Ins. Co.,* 80 Iowa,
563.   If she is entitled to the protection of the statute
it must be for the reason that she is "next of kin,"
within its intent.   Primarily the word "kin" includes
only relation or relationship by blood or consan-
guinity; and the term "next of kin" would not, by that
rule, include a widow.   Black's Law Dictionary, 678;
Anderson's Law Dictionary, 589; *Keteltas v. Keteltas,*
72 N. Y. 312, 315; *Walter v. Walker,* 62 Ga. 145;
*Farr v. Flood,* 11 Cush. 24.   But it is sometimes used
in a broader sense to include relations by marriage.
Thus, under a statute in regard to changes of forum
which provides that "when it shall appear that the
justice is near of kin to either party he shall remove
the case to some other justice of the same county," it
was held that the word "kin" included relations by
marriage.   *Hibbard v. Odell,* 16 Wis. 664.   The words
"next of kin," in a statute which provided for the
bringing of an action against an executor or adminis-
trator "by any legatee, or by any of the next of kin [of
the decedent] entitled to share in the distribution of
the estate," have been held to include the widow of the
decedent.   *Betsinger v. Chapman,* 88 N. Y. 488.   A
statute of the state of Ohio gave to the personal repre-
sentative of a person, whose death was caused by the
wrong of another, a right of action "for the exclusive
benefit of the widow and next of kin of such deceased
person."   It was held that the term "next of kin"
included the husband.   *Steel v. Kurtz,* 28 Ohio St.
195; *Power v. Hafley,* 4 S. W. Rep. (Ky.) 683.   The
rule to be drawn from these authorities is in harmony

with that which governs the construction of statutes generally, and which requires us to so interpret them as to give force and effect to the legislative intent where that is clearly expressed. The statute under consideration was designed to protect persons claiming some right or title from a person who at the time of the examination is dead or incompetent to testify by reason of mental unsoundness. The widow who claims under the will of her deceased husband is entitled to the protection of the statute. But if her husband died intestate, or if she refuse to accept the provisions of his will, she is as clearly within the spirit of the statute as though she claimed under his will. It cannot be accepted as true that the legislature intended to protect the widow only when she claimed as devisee or legatee. No good and sufficient ground for such a theory has been suggested. We conclude, therefore, that the words "next of kin" were used in the statute in the broader sense, which includes relatives by marriage, who are entitled by law to a distributive share in the estate of the decedent. The evidence in question was properly excluded.

II. The court instructed the jury as follows: "It is claimed by the plaintiff that this note in suit was given by the defendant in exchange for a note given to the plaintiff's husband by the defendant's husband in his life-time, and that note was the consideration of

2. PROMISSORY note: consideration: settlement of disputed claim.

this one. If the note given by the defendant's husband represented a valid and subsisting indebtedness at the time of his death and up to the time of giving of the note in suit, its surrender to the ~~ant would be a good and valid considerati~~ note now in suit, and there would be a ~~ that there was a sufficient consideration to~~ note of the defendant's husband; but ~~ presumption, and may be rebutted by ev~~ cumstances which, when candidly co~~

reasonable man to the belief that it was not representing in fact a real indebtedness when the defendant gave the note in question." So far as this portion of the charge required the jury to find that the three hundred and twenty-one dollar note was a valid obligation before they could find for the plaintiff, it was erroneous. The rule is well established that a note given in compromise or settlement of a disputed claim, the validity of which is doubtful, is supported by a sufficient consideration. *Keefe v. Vogle*, 36 Iowa, 87. See also 1 Wharton on Contracts, sec. 533.

III. It was claimed on the part of the defendant that Seth did not surrender the three hundred and twenty-one-dollar note when the one in suit was given, but carried both away. This was denied by the plaintiff, and there was much conflict in the evidence as to the fact. The court charged the jury as follows: "If the three hundred and twenty-one-dollar note was not exchanged for the note in suit, but was taken away by Seth with the note in suit, then you could not consider that note as a consideration for the one in suit. Seth could not keep both notes, and yet claim that one was a consideration for the other. But if the note in question was exchanged for the three hundred and twenty-one-dollar note, and it was left with the defendant, it would be a sufficient consideration." We think this was erroneous. There was evidence which tended to show that the note in suit was accepted in payment of the one for three hundred and twenty-one dollars, and the latter had been destroyed because it was as paid. If the note in suit was given and r the purpose of paying in full the other that effect, even though both notes were y Seth. The failure to cancel and surt note did not prevent the agreement of m taking effect. The old note was en the new one was delivered, *Iowa*

3. ——: payment: evidence.

*County v. Foster*, 49 Iowa, 676. There is nothing in the record to indicate that it was the intent of the parties that the old note should be retained by the plaintiff and continued in force.

IV. Some of the evidence tended to show that the defendant had promised to pay the old note before the

4. STATUTE of frauds: promise to pay debt of another for benefit of promisor.

one in suit was given. Also that the promise was made to prevent the taking out of letters of administration, in order that a certain claim against the estate, held in a distant state, might not be presented for payment. The court instructed the jury that a promise made to defeat such a claim would be against public policy and invalid. That portion of the charge is not before us for review. In another connection the court instructed the jury that "the defendant would not be bound by any verbal promise to pay the three hundred and twenty-one-dollar note, nor would such a promise be a valid consideration for the note in suit." We think this was not correct, as applied to matters alleged, which the jury may have found to exist. If the defendant had appropriated the estate of her deceased husband to her own use, and had thereby made herself liable for the payment of just claims against the estate, including that of the plaintiff, her promise to pay the claim and prevent suit, if not coupled with any unlawful object, would have been for her own benefit, and not a mere promise to pay the debt of another within the meaning of the statute of frauds. In that case the debt would have been her own, and could have been enforced against her. See *Walton v. Mandeville*, 56 Iowa, 597; *Poole v. H..... 60 Iowa, 180; *Mills v. Brown*, 11 Iowa, 314; *..... Knapp*, 36 Iowa, 616; *Chamberlin v. Ingall.... 300; *Blair Town Lot, etc., Co. v. Walker*, 39.... *Lamb v. Tucker*, 42 Iowa, 118.

V. There was evidence tending to .... husband of the plaintiff gave to his fa....

5. PROMISSORY note: subsequent transactions: presumption of payment. one thousand, five hundred dollars, secured by a mortgage on his farm; that it was given after the three hundred and twenty-one-dollar note is said to have been given; and that it was unpaid when his father died. The court charged the jury in regard to that as follows: "If you find that the note in suit was not indorsed to the plaintiff until January or February, 1889, and did not become her property until that time, you will be warranted in finding that it came into her hands as owner after it became due; and it would be subject, in her hands, to any defense which might be made against her husband, who was the payee of the note. If you find that Seth P. French gave his note and a mortgage to his father after the note of three hundred and twenty-one dollars was given to him, the giving o these would warrant the inference that the note of three hundred and twenty-one dollars had been paid, and cast on the plaintiff the burden to prove that it had not been paid in the transaction out of which the mortgage was made, because the presumption is warranted that one holding a valid debt against another, which is then past due, would not be likely to give a note and mortgage to him without applying on the claim the debt due to him before giving the mortgage." We do not think this is erroneous, as applied to the facts in the case. The three hundred and twenty-one-dollar note was made payable to the husband of the plaintiff, and it appears that some of the money for which it was given was furnished by him, and the new note was payable to him. In view of these facts, we think the portion of the charge in question was authorized.

The appellee in argument urges that, the dismissed for the reason that the appellant has made no assignment of errors. It was the right of the appellee to have the appeal dismissed by making a proper pplication for that purpose. Code, sec.

183; *McLuen v. District Township*, 82 Iowa, 742; sec. 51, Rules of Practice in Supreme Court. This court has held that the appellee is not entitled to have an appeal dismissed on a suggestion or request made in argument only, or after argument. *Smith v. Hill*, 83 Iowa, 684; *Andrews v. Burdick*, 62 Iowa, 714. Where a person wishes to insist on his right to have an appeal dismissed for a failure to assign errors, he should file a motion for that purpose, in which he should show the failure of which he complains, and make demand for a dismissal. The matter will thus be called to the attention of the court in a formal manner before it has given to the case that consideration which is necessary to its determination on the merits.

Other questions discussed by counsel may not arise on another trial and need not be determined. For the reasons shown, the judgment of the district court is REVERSED.