CAMPBELL BANKING COMPANY, Appellee, v. E. J. Cole, Appellant.

Witnesses: COMPETENCY: TRANSACTIONS WITH PARTY DECEASED: FORM OF OBJECTION. In an action brought by a banking company upon a promissory note, to which, it was alleged, the defendant's name had been signed, under his direction and authority, by his wife, since deceased, *held*, that a witness who was the owner of said bank, transacted all the business touching the execution of said note, and who was interested in the result of said action, was not competent to testify as to the circumstances that led to the making of said note, why the maker wanted the money, when it would be paid, and the

source from which it was expected to procure money for payment. Whether an objection to such evidence as "incompetent and immaterial" is sufficient to raise the question of the right of the witness to testify as to personal transactions with one deceased, *quære.*

*Appeal from Appanoose District Court.*—HON. W. I. BABB, Judge.

WEDNESDAY, OCTOBER 11, 1893.

ACTION on a promissory note. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*T. M. Fee,* for appellant.

*Tannehill, Vermilion & Vermilion,* for appellee.

KINNE, J.—The plaintiff sues on a promissory note, which it alleges was executed by the defendant, and one Ella Cole, his wife, since deceased. It is averred that this defendant's name was signed to said note by his wife by his direction and authority. In another count of the petition it is alleged that Ella Cole, believing she had authority so to do, did sign the defendant's name to said note, and that the defendant, being fully advised as to the facts, did ratify said signature, and make it his own. The defendant, under oath, denies the genuineness of his signature to said note, and denies all the allegations of the petition.

D. C. Campbell, the real plaintiff, was asked certain questions touching the acts and statements of the defendant's wife, Ella Cole, with reference to the note in question, and other notes in lieu of which it was given. After the examination of the witness with reference to said matters had proceeded for some time, objection was made to a question as "incompetent and immaterial." We are not required to determine whether an objection to this evidence as "incompetent

and immaterial'' was sufficient to raise the question of the right of the witness to testify as to personal transactions or communications had with the deceased, and touching the matter in controversy.

Afterward a further objection was made, which clearly indicated that the ground of it was that the witness was not competent to testify as to personal transactions and communications had with the deceased, and relating to the note in suit. The objection was overruled. We think this ruling was erroneous. The evidence was inadmissible. It related to the execution of the note in suit, and the facts and circumstances that led up to it; why she and her husband, the defendant, wanted the money, when they would pay it, and the source from which they expected to procure money for the payment. Our statute provides: "No party to any action or proceeding, nor any person interested in the event thereof, * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased, * * * against the next of kin, of such deceased person." Code, section 3639. The witness Campbell was in fact the owner of the plaintiff company's bank, and transacted all the business touching the execution of the note in suit. He is interested in the event of this suit. As we have said, he was examined as to personal transactions and communications between himself and the defendant's wife, who died prior to the trial of this case. We held in *French v. French*, 84 Iowa, 655, that the words "next of kin," as used in the statute, included "relations by marriage, who are entitled by law to a distributive share in the estate of decedent." It follows, then, that the testimony was not admissible as against the husband.

It is said the evidence does not sustain the verdict. As the case must be reversed, and the testimony

on another trial may be different, the jury should be left free to come to their conclusion without any indi-. cation from this court as to its opinion as to the weight of the testimony adduced on the last trial.

The appellant argues the case in part upon the theory that it involves the question of an estoppel. No estoppel is pleaded, nor is it established by the testimony. The case as made,. and as submitted to the jury, involved but two questions: *First*, did the defendant authorize his wife to sign his name to the note? And, *second*, did he assent to or ratify her act in signing his name to the note?

Complaint is made of the instructions given, and of the action of .the court in refusing the requests of the defendant. The instructions given fully embody the law applicable to the case. Those asked, so far as proper, are covered by the court's charge.

For the error pointed out the judgment below is REVERSED.