IDA Z. ROWE, Appellant, v. MIRANDA A. BARNES, *et al.*

**Evidence:** AUTHENTICATION OF FOREIGN RECORD. A copy of the proceedings of a court of another state, construing a will. certified by the judge to be a true copy of the proceedings on trial, and of the records in his office, and his certificate that, by the statutes of such state, the county judge is made clerk of his own court and has charge of the records, and custody of the seal of the court, is inadmissible under Code, section 3713, providing that the judicial record of another state may be proved by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the attestation is in due form of law.

**SAME:** *Will.* A will admitted to probate in another state is inadmissible in evidence, when not authenticated in any manner.

**Compromise:** CONSIDERATION. A note given in consideration for a deed conveying all the grantor's estate, right, title, interest and claim to certain land, executed for the purpose of removing a

supposed cloud on the title of the grantee, is supported by a sufficient consideration, although the claim of the grantor has, in fact, no valid foundation.

**Striking Pleading:** HARMLESS ERROR. Error, if any, in striking out portions of a reply, on a motion assailing the entire reply, is not prejudical to plaintiff, where the portions stricken out contain mere denials implied by law, or allegations provable under the issues presented by the pleadings remaining.

*Appeal from Buena Vista District Court.*—Hon. W. B. Quarton, Judge.

WEDNESDAY, FEBRUARY 10, 1897.

Action at law to recover the amount alleged to be due on a promissory note. There was a trial, in which a jury was impaneled, but discharged before the cause was submitted to it, and a judgment was rendered in favor of the defendant. The plaintiff appeals.—*Reversed.*

*I. W. Bane* for appellant.

*A. D. Bailie* for appellees.

Robinson, J.—The note in suit was made by the defendants to the plaintiff on the second day of July, 1891, for the sum of three hundred dollars, payable two years after its date. The note was given for whatever interest the plaintiff might have in certain land in the state of Wisconsin. The defendant, Miranda A. Barnes, is the widow, and the plaintiff is the daughter, of Simeon F. Barnes, who died testate, seized of the land referred to. The defendant, Newell F. Douglas, is a son-in-law of Mrs. Barnes and a brother-in-law of the plaintiff. It is claimed that the will of the decedent devised the land to Mrs. Barnes, but that the description was erroneous, in that it located a part of the land in the wrong quarter section. The plaintiff claimed an interest in the land as

an heir of the decedent, and the note was given to her for a release which she executed in the form of a deed without covenants of title or warranty. It purported to convey to Douglas "all the estate, right, title, interest, and claim whatsoever" of the plaintiff and her husband in the land. After that and the note were given, it is claimed that Mrs. Barnes applied to the proper court in Wisconsin for an interpretation of the will, and that the court held and adjudged that it gave to her an absolute title to the land in question. The defendants now contend that there was no consideration for the note.

I. The plaintiff filed to the answer of the defendants, a reply which contained several paragraphs, some of which were stricken out on motion of the defendants. The motion assailed the entire reply, and not any specific portion of it; but the plaintiff was not prejudiced by the ruling, even if technically erroneous, for the reason that the portion of the reply stricken out, contained mere denials which were implied by law, or averments in regard to matters which, so far as material, could have been proven under the issues presented by the petition and answer.

II. The court permitted the defendants to introduce in evidence an instrument which is claimed to be a copy of proceedings of the county court of Walworth county, Wis., in regard to the will, and the judgment of that court construing it. The defendants were also permitted to introduce a certificate of the county judge of that county, which certifies that the instrument referred to was a true copy of the proceedings on file and of record in his office in the matter of the estate of Simeon F. Barnes, deceased, and that, by the statutes of the state of Wisconsin the county judge is made clerk of his own court, and has charge of the records, and custody of

the seal of the court. The alleged copy of the proceedings of that court was not otherwise authenticated. The copy and certificate were erroneously admitted in evidence over the objection of the plaintiff. Section 3713 of the Code, provides that the judicial record of another state "may be proved by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law." The authentication in question was not signed by the clerk of the court, as such, with the seal annexed, nor did the certificate of the county judge show that the attestation was in due form of law.

III. The defendants introduced in evidence what is claimed to be a copy of the will of Simeon F. Barnes, deceased. It was not authenticated in any manner, and should not have been admitted.

IV. The court refused to permit the plaintiff to show by means of the testimony of witnesses and letters written by the defendant Douglas, that the facts in regard to the title of the plaintiff were fully understood when the note in suit was given, and that the defendants derived a benefit from the deed executed by the plaintiff. The theory upon which the evidence was rejected appears to have been that it was immaterial if the plaintiff did not in fact have any valid claim to the land when she gave the deed. We are of the opinion that this theory was wrong, and that much of the rejected evidence should have been received. It was shown that when the deed and note were given, Mrs. Barnes had executed to her co-defendant, Douglas, a warranty deed for the land, and the deed given by the plaintiff was intended to remove the cloud upon the title thus conveyed, which existed in consequence of the defect in the will and the claim of the plaintiff. She

attempted to show further that at that time Douglas wished to sell the land, and had a purchaser for it, but could not have effected the sale which was made, without the deed given him by the plaintiff. Evidence to show such facts was competent as tending to show that there was a sufficient consideration for the note. It is well settled that such a consideration exists when a note is given to compromise or settle a disputed claim, the validity of which is doubtful. *French v. French*, 84 Iowa, 659 (51 N. W. Rep. 145), and authorities therein cited. And the validity of the compromise, if entered into in good faith by all the parties to it, will not be affected by the subsequent ascertainment of the fact that the claim is without foundation. Tiedeman, Com. Paper, section 174. See, also, *Keefe v. Vogle*, 36 Iowa, 88. If the note and the deed in controversy were given in good faith, without undue influence, each party understanding the facts upon which the claim of the plaintiff was based, the purpose of the transaction being to remove what was thought to be a cloud upon the title to the land, and that was accomplished, there was a sufficient consideration for the note, even though the claim of the plaintiff was in fact without any valid foundation. *Brooks v. Wage*, 85 Wis. 12 (54 N. W. Rep. 997). For the errors pointed out, the judgment of the district court is REVERSED.