## CARNEY v. CITY OF GRINNELL, IOWA, et al.

### No. 9020.

Circuit Court of Appeals, Eighth Circuit.
Oct. 14, 1931.

William F. Riley, of Des Moines, Iowa (Clifford V. Cox and Donald Evans, both of Des Moines, Iowa, on the brief), for appellant.

E. D. Perry, of Des Moines, Iowa (H. H. Stipp, R. J. Bannister, and Vincent Starzinger, all of Des Moines, Iowa, on the brief), for appellee Fidelity & Deposit Co.

J. G. Shifflett, of Grinnell, Iowa, for appellee City.

J. H. Patton, of Grinnell, Iowa, for appellee D. H. Thomas.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This action was instituted by E. B. Brande against the city of Grinnell, Iowa, Fidelity & Deposit Company of Maryland and D. H. Thomas, receiver of the Merchants' National Bank of Grinnell, Iowa. The appellant, B. J. Carney, was permitted to intervene. The court below dismissed the intervening petition, and a review of its action in so doing is sought by this appeal.

The facts are that appellant was treasurer of the city of Grinnell, Iowa; that the Merchants' National Bank was located in the said city and had been designated as the depository of the city's funds. The Fidelity & Deposit Company had executed a depository bond in the sum of $50,000. The Merchants' National Bank failed in November, 1924, and D. H. Thomas was the duly appointed and acting receiver of the said bank. At the time of the failure, the city had on deposit in said bank $63,004.60, of which $61,953.97 had been deposited by the appellant, the city treasurer. The city undertook to collect on the bond, and the surety company asserted certain defenses. After some negotiations, the city council of Grinnell authorized a settlement and adjustment of the controversy by the terms of which the surety company paid the city $50,000, the full amount of its bond, and the city executed an assignment of the city's claim against the receiver of the Merchants' National Bank. In October or November, 1925, the receiver of the bank paid a dividend of $5,000 to the city, which, under the assignment, was turned over to the surety company.

The suit out of which this appeal grows was filed by E. B. Brande, a resident and taxpayer of the city of Grinnell, against the Fidelity & Deposit Company to compel the return to the city of Grinnell dividend of $5,000. The appellant, B. J. Carney, intervened as a citizen and resident of the city of Grinnell, but not as a taxpayer. In fact, he was not a taxpayer.

When the appellant became treasurer of the city of Grinnell, he was required by law to execute a fidelity bond, which he did, with the American Surety Company as surety. In violation of his duty as provided by the law, he made a deposit of city funds in the Merchants' National Bank in excess of the depository bond of $50,000; that is, he deposited $61,953.97, which was to the extent of $11,953.97 greater than the amount of the penal sum of the bond. He was sued on his bond, and the judgment went against him in the trial court. An appeal was taken to the Supreme Court of Iowa, where the judgment below was affirmed. State of Iowa, for Use of City of Grinnell, v. B. J. Carney & American Surety Co., 208 Iowa, 133, 217 N. W.

472. This judgment was subsequently paid and satisfied.

The theory of appellant in his bill of intervention was that the Fidelity & Deposit Company was liable to the full amount of its bond, and that the city was not justified in assigning to the surety company its claim against the receiver of the Merchants' National Bank, but that the dividend which was paid by the receiver should have been applied on the judgment recovered by the city against appellant and his surety. The prayer of the original intervening petition was that the sum of $5,000 paid as a dividend should be credited on the judgment obtained by the city against the intervener and his surety, and that he should likewise receive credit for any subsequent dividends paid. Subsequently the intervener amended his prayer for relief and joined in the prayer of the original petition, wherein Mr. Brande alleged that he sought to maintain the action as a taxpayer for the use and benefit of the city of Grinnell, and not for his own personal or private benefit.

■■■ The position of the surety company was that under an applicable statute of the state of Iowa, section 660-a of the Code Supplement of 1913, the treasurer was not authorized to deposit more than 90 per cent. of the amount of the depository bond. Consequently, its liability should be limited to $45,-000, the amount which could have been legally deposited under the existing bond. The case of Palo Alto County v. Ulrich, 199 Iowa, 1, 201 N. W. 132, clearly indicates that there was substance in this contention. It took the further position that its obligation was "to hold the Treasurer harmless from all loss by reason of such deposit or deposits," and that this loss could not be determined until it had been ascertained what amount the bank, then in the course of liquidation, would pay to its depositors.

The contentions of the surety company were communicated to the mayor of the city of Grinnell, who conducted the preliminary negotiations on behalf of the city. On January 17, 1925, the mayor addressed a letter to the attorney of the surety company in which he stated that the city council would meet on January 21, 1925, and that he was in favor of instituting suit and thought the attitude of the council would be the same. The council did meet on said date, and the meeting was attended by the mayor and all of the six members of the council. A resolution was made and unanimously adopted authorizing the closing of the controversy on the

basis that the surety company pay the city $50,000, the full penal sum of the bond, and that the city assign to the surety company its interest in, and claim to, any sum that the bank might pay by reason of the city being one of its depositors. There was therefore a well-founded controversy as to both the extent of the liability of the surety company and as to the time when this liability matured.

The authority of the city to make a settlement is well established by the following cases: Collins v. Welch, 58 Iowa, 72, 12 N. W. 121, 43 Am. Rep. 111; First National Bank of Red Oak v. City of Emmetsburg, 157 Iowa, 555, 138 N. W. 451, L. R. A. 1915A, 982; Horton Township v. Drainage District, 192 Iowa, 61, 182 N. W. 395.

By the compromise effected the surety company abandoned its contention that it was liable for less than the full penal sum of the bond, and it waived its position that its liability did not accrue until the exact amount of the loss was ascertained. The city, within two months after the failure of the bank, was put in possession of its funds, and the necessity and expenses of litigating the controversy was avoided. This certainly constituted sufficient consideration to support the contract of settlement. There are numerous cases in Iowa, this circuit, and elsewhere, so holding.

In First National Bank v. Browne, 199 Iowa, 981, 203 N. W. 277, 278, the court stated the rule in this language:

"This situation calls for application of a line of cases which have been consistently followed in this state since its early history, the substance of which is that where there is a good-faith dispute or a doubtful claim between the parties, and a settlement is made between them by the execution of a new note made fairly and in good faith, such settlement is a sufficient consideration for a compromise based thereon.

"It is immaterial that a judicial investigation might demonstrate the claim to be unfounded in fact, if in fact the asserted claim is made in good faith. This doctrine is supported by the following cases: Heffelfinger v. Hummel, 90 Iowa, 311, 57 N. W. 872; Morey v. Laird, 108 Iowa, 670, 77 N. W. 835; First State Bank v. Williams, 143 Iowa, 177, 121 N. W. 702, 23 L. R. A. (N. S.) 1234, 136 Am. St. Rep. 759; Cantonwine v. Bosch Brothers, 148 Iowa, 496, 127 N. W. 657; Stuart v. White, 191 Iowa, 1312, 184 N. W. 337; Urdangen v. Fryer, 183 Iowa, 39, 166 N. W. 693; Graf v. Employers'

L. A. Corp., 190 Iowa, 445, 180 N. W. 297.

\* \* \*

"The law encourages voluntary settlement of doubts and disputes between parties, and where all parties have the same knowledge or means of knowledge concerning the circumstances involving their rights, the compromise so made must stand and be enforced even though the results attained would have been different had the controversy been brought before the court for decision. It is true that in some events the application of this rule may result in inequity and may be harsh in its operation, but it is the best rule attainable, and if not enforced by the courts it would be a senseless thing for one to attempt to settle and compromise their differences with another. This is not only the rule in Iowa, but seems to be quite generally the rule in all our sister states."

In Nissen v. First National Bank of Waterloo, Iowa (C. C. A. 8) 267 F. 689, 691, this court said: "That a settlement of disputed claims between parties, dealing on terms of equality, which have knowledge or opportunity to acquire knowledge of every fact bearing upon the validity of their claims, is binding on the parties in the absence of fraud, mistake or duress is well settled."

Again this Court, in Hoyt v. Wickham, 25 F. (2d) 777, 781, stated: "In this compromise the parties acted in good faith. Such a compromise of a disputed claim is a sufficient consideration for a note even though the claim be doubtful and might ultimately have been defeated. This is the established rule in Iowa. Rowe v. Barnes, 101 Iowa, 302, 70 N. W. 197; First National Bank v. Browne, 199 Iowa, 981–984, 203 N. W. 277; Keefe v. Vogle, 36 Iowa, 87; French v. French, 84 Iowa, 655–660, 51 N. W. 145, 15 L. R. A. 300; Shaw v. C., R. I. & P. Ry. Co., 82 Iowa, 199–203, 47 N. W. 1004; Zimbelman v. Finnegan, 141 Iowa, 358, 118 N. W. 312."

The court further quoted with approval from High Gravity Oil Co. v. Southwestern Petroleum Co. (C. C. A. 6) 290 F. 370: "The actual ending of a controversy and avoiding of threatened litigation is always a sufficient consideration for a settlement agreement, even if one side concedes the whole matter in dispute."

And from Hennessy v. Bacon, 137 U. S. 78, 11 S. Ct. 17, 34 L. Ed. 605, as follows: "Such a settlement ought not to be overthrown, even if the court should now be of opinion that the party complaining of it surrendered rights that the law, if appealed to, would have sustained."

The resolution adopted by the city council did not disclose the nature of the compromise that was being effected, but merely set out the obligations of parties under the settlement. The evidence disclosed that the mayor, the presiding officer of the council, had full information of the position of the surety, and called a special meeting to consider the matter. The presumption is to be indulged that public officers proceeded regularly and acted upon sufficient information, unless the contrary is shown.

It is also clear that the decree entered should be affirmed because (1) the intervener. cannot maintain this action on behalf of the city of Grinnell, as he is not a taxpayer of that municipality, and therefore has no interest in the controversy, Donovan Construction Co. v. City of Waterloo (Iowa) 231 N. W. 499; Christensen v. Town of Kimballton (Iowa) 231 N. W. 502; and (2) the city has received payment in full for its loss on account of the closing of the bank, and disclaims any right to a further recovery. Further consideration of these matters is not deemed necessary in view of the conclusion above stated.

The motion to dismiss the appeal is overruled, and the decree dismissing the intervener's bill is affirmed.

VAN VALKENBURGH, Circuit Judge, concurs in result.