ADAMS *et al.* v. MORTON *et al.*

**Contract:** CONSIDERATION: DOUBTFUL CLAIM. A doubt as to whether the liens of attaching creditors would hold as against other creditors who threatened to institute bankruptcy proceedings against the debtor, is a sufficient consideration to support an agreement between the attaching and non-attaching creditors to share *pro rata* in a distribution of the attached property, the same as if the debtor had been duly declared a bankrupt and his assets equally destributed.

*Appeal from Des Moines District Court.*

FRIDAY, OCTOBER 10.

THIS action is brought to enforce the following written contract:

"This agreement witnesseth, that *whereas*, H. S. George, of "Laconia, Warren county, Iowa, has failed, indebted to all of "the subscribers: and *whereas*, it is the right of any creditor "to put said George in bankruptcy; and *whereas*, some of us "creditors have attached the property of said George; now in "consideration of the premises, and being willing to share the "benefits and proceeds of said attachments made by us with "the subscribers who have not attached, as if the party had "been duly declared a bankrupt and his assets equally distribu-"ted, we hereby agree to divide *pro rata* from said attach-"ments with the subscribers who have not attached, according "to the amounts of our respective debts against said George, "and thereby save costs and expenses of litigation in any "further proceeding in said matter.

"April 20th, 1868.
                      (Signed),

"A. KAISER,                H. D. HOWARD, MILLER & CO.,
"T. W. BARHYDT,            J. MORTON & CO.,
"A. G. ADAMS,              MORTON & NELSON,
                           McKITTERICK & McKELL,
{ 5 cent stamp, }          E. E. GAY."
{  canceled.   }

It is alleged that attaching creditors referred to in the agreement were J. Morton & Co.; H. D. Howard, Miller & Co., and T. W. Barhydt; that in consideration of said agreement on the part of said attaching creditors, the other creditors who were about to institute proceedings in bankruptcy against said George, abandoned such purpose, relying entirely upon said agreement; that under said contract said attaching creditors proceeded with their attachments against the property of said George and obtained judgments upon their respective claims, and have realized the money thereon; that Morton & Co., and Howard, Miller & Co., refuse to account and settle with the plaintiffs, the other creditors, in compliance with the terms of said agreement.

The cause was tried to the court in equity and a decree rendered in behalf of the plaintiffs; the defendants Morton & Co., alone appeal.

*Smyth & Hedge* for the appellants.

*Newman & Blake* for the appellees.

MILLER, J. — The execution of the contract is not controverted, but defendants Morton & Co. aver that it was made without any consideration; that they signed the same under a mistake of fact and law, and that they were induced to sign the same by the misrepresentations of the plaintiffs in regard to defendants' rights in the premises; that, at the time said agreement was executed, they had placed their claims in the hands of an attorney for collection in Warren county, Iowa, and had instructed said attorney to obtain a writ of attachment and secure said claim, but defendants were not advised what further steps had been taken to secure the claim; that plaintiffs, claiming to understand the situation of affairs by reason of recent advices, came to defendants and represented that defendants' claims were in such a situation under said process that defendants were liable to distribute the amount attached by them under a proceeding in bankruptcy, and threatened

that unless defendants would voluntarily agree to divide ratably, as provided in said agreement, plaintiffs would at once commence proceedings in bankruptcy against said George, in which they would compel defendants to release the attached property and pay over ratably, etc., and defendants say that they signed said agreement under the belief that their claim was so situated, and that the proceedings were at such a stage that they could be compelled in bankruptcy to distribute any sum of money they might recover, to other creditors; whereas at the time defendants signed said contract, defendants' claims had been reduced to judgment, execution issued thereon and the money actually realized. Wherefore they say that said agreement as to them is fraudulent and void.

Upon a careful examination of the evidence we are of opinion that the defense is not sustained. It does not appear that any of the plaintiffs did any thing to deceive or mislead Morton & Co., as to the facts as they existed at the time of the execution of the agreement. Nor does the evidence show that Morton & Co. were ignorant of any fact which they would, by the exercise of ordinary diligence, have known. Kaiser, one of the plaintiffs, was about to commence proceedings against George, the common debtor, in bankruptcy, and the evidence shows that he believed he could compel Morton & Co. to contribute from the property attached. There is nothing to show bad faith on the part of the plaintiffs, and although it may be true that they could not have affected the lien of Morton & Co., by proceedings in bankruptcy (on this, however, we give no opinion), yet there was sufficient doubt and uncertainty in respect to the rights of the respective parties, as that the agreement by the plaintiffs to waive proceedings was a sufficient consideration for the agreement on part of defendants to share *pro rata*. *Ex parte Lucy*, 21 Eng. Law and Eq. 199; *Mills* v. *Lee*, 6 Monroe, 91; *Moore* v. *Fitzwater*, 2 Rand (Va.), 442; *Bennett* v. *Paine*, 5 Watts, 259; *Pierson* v. *Cahill*, 21 Cal. 122; *Loughridge* v. *Dorville*, 5 Barn. & Ald. 117.

Affirmed.