THE DAVENPORT & ST. PAUL R. CO. v. ROGERS.

1. **Contract**: CONSTRUCTION: PROMISSORY NOTE. An express condition upon which a note was made payable, "that a depot be established within eighty rods of the present town of Wheatland," was not fulfilled by the building of a depot within eighty rods of the limits of the town as extended after the note was given. The recorded plat of the town at the date of the execution of the note will govern in the construction of the contract.

2. **Promissory notes**: VOLUNTARY PAYMENT. Where a note for railway shares was given upon the condition that "a depot be established within eighty rods of the present town of Wheatland," and, before the depot was established or note payable, the maker made certain voluntary payments: *Held*, that he could not recover the sums paid, if no promise, fraud or mistake were shown.

*Appeal from Marshall District Court.*

THURSDAY, SEPTEMBER 24.

THIS action is brought upon the following instrument: "No. 15. Stockholder's note. No. shares, 5. State of Iowa, Clinton county, Wheatland, January 4, 1868. In consideration of five shares in the capital stock of the Davenport & St. Paul Railroad Company, I promise to pay to said company the sum of five hundred dollars, payable as follows, to-wit: one per cent. to be paid down, and four per cent. payable at any time after thirty days from the date hereof, upon call of the board of directors, the same to be used in paying the preliminary expenses in preparing said road for contract; the balance payable upon call of the board of directors, in installments not to exceed five per cent. per month thereafter. (The foregoing being upon printed blank—what follows is in writing, at the bottom of the note.) This note is given upon the express condition that the money be expended in the township of Spring Rock, Clinton county, and that a depot be established within eighty rods of the present town of Wheatland.

MARTIN L. ROGERS."

The plaintiff avers the due execution and delivery of the

instrument and the performance by plaintiff of all and singular the conditions of said note.

The defendant, for answer, admits the execution of the note, and denies indebtedness thereon, and also denies that plaintiff has performed the conditions of the note. For a second count of answer and for statement of counter claim, the defendant avers that he was a resident of Wheatland and a large property holder there, and gave the note with a view to enhance the value of his property; that the shares of stock are worthless and no inducement to give the note; that, relying upon the good faith and fair dealing of the plaintiff, and believing it would perform said conditions, he paid on said note at different times, as follows; January 5, 1869, $25; June 1, 1870, $25; July 1, $25; August 1, $50; and also $100, aggregating $225. That the plaintiff has not located its depot nor expended the money as provided by said note, whereby defendant has been greatly damaged, to-wit: In the sum of $225 so paid and interest thereon, and also $500 in the value of his property. A demurrer as to the $500 claim was sustained. Reply in denial. There was a jury trial and under the instructions of the court, they found a verdict for the defendant for $225, with interest at six per cent. from each payment. The court thereon rendered judgment for $271.62. The plaintiff appeals.

*Brown & Sears*, for appellant.

*Henderson & Merriman*, for appellee.

Cole, J.—The evidence tended to prove that, at the time the note was given, the town of Wheatland was situated on land which had been platted and recorded as such, but the town had never been incorporated; that the plaintiff resided and was the owner of property there; that after this note was executed and before this suit was commenced, the town had been incorporated and included territory extending in the direction of the depot of plaintiff, as now located, a distance of eighty rods, and that the depot was distant about thirty rods further—that the depot is four hundred and eighty-four feet

distant, (near thirty rods,) more than eighty rods distant from the nearest part of the recorded plat of the town.

The court instructed the jury that if the depot was established more than eighty rods from the town of Wheatland, as it was on the date of the note, the plaintiff could not recover; and that, if defendant paid the money as set out in his counter claim, expecting and believing that plaintiff would locate and establish a depot within eighty rods of the town, as it was on the date of the note, the jury should find for him the amount so paid, with interest. The correctness of these instructions involves the true interpretation of the contract sued upon.

By the very terms of the obligation sued on, it was given "upon the express condition   *   *   *   that a depot be estab-

1. CONTRACT: lished within eighty rods of the present town
construction : of Wheatland." The evidence is without con-
promissory
note.          flict, and very clearly proves that the depot, as established, is more than eighty rods from the present town of Wheatland. An instrument ordinarily takes effect, and is to be construed by the law and facts existing at the time of its · execution. But in this case the language of the note renders assurance doubly sure, for it says the "*present town*." The plain, fair and ordinary meaning is, within eighty rods of the recorded plat of the present town; or within that distance of some part of the present town. Indeed the language needs no interpretation—he who runs may read, and reading, understand it.

Upon the other branch of the case—the right of the defendant to recover the money paid, the question may not be so plain or easy of solution. The right of the defendant to recover is not based upon an express promise by the plaintiff, nor upon any fraud or wrongful act of the plaintiff, nor upon a mistake of either law or fact by the defendant, but simply, that the defendant, " relying upon the good faith and fair dealing of plaintiff and fully believing it would perform said conditions and expend said money and locate a depot as provided in said contract, and as contemplated by defendant, he did, from time to time, make advances upon said contract in money."

If the obligation is, as the defendant claims it to be, simply a promise on his part to pay the amount upon the performance of a certain condition by the plaintiff, then it is clear the plaintiff is under no obligation to perform the condition. The plaintiff may perform the conditions and demand the payment of the money, or, at its election, it may fail to perform and lose its right to demand the payment of the money. The defendant, having paid his money without requiring the performance of the condition, will be held to have waived the right, *pro tanto*, to demand the performance of the condition. He might, even now, waive the conditions and pay the balance due upon the instrument, and if he should do so, he could not recover the amount so paid.

The consideration for the defendant's promise consists of three elements or distinct matters as disclosed by the note and other evidence respecting the subject matter, to-wit: the five shares of the capital stock of plaintiff, the enhancement of the value of defendant's property by the construction of the road, and his convenience and advantage by the location of the depot. Now, if it be conceded that when one pays money to another under such circumstances as that, *ex æquo et bono*, that other should repay, the law will imply a promise, so that an action for its repayment can be maintained, *non constat*, *ex æquo et bono* this plaintiff ought to repay. For aught that appears, the defendant is interposing a mere technical objection to the plaintiff's recovery for the whole. This mere technical right, constituting a legal defense, cannot be converted into an equitable basis for the support of an action, in the absence of any promise, fraud, mistake or the like, and none of these are either averred or proved in this case. The mere voluntary payment of the money upon his own obligation, against which he may ultimately have a complete defense, will not entitle him, without more, to recover the amount so paid.

REVERSED.

2. ———; promissory notes; voluntary payment.