## NELSON v. HAGEN.

1. **Contract:** SALE OF CATTLE: FALSE WEIGHTS: ESTOPPEL BY PAYMENT: SETTLEMENT: CONSIDERATION: EVIDENCE. Plaintiff sold to defendant certain cattle for shipment to Chicago, to be paid for according to their weight at J., upon delivery there. The cattle were delivered and weighed and paid for according to weight, but plaintiff protested that the weight was much too light, and it was agreed, in settlement of this controversy, that defendant should pay for the cattle according to their weight at Chicago, according to the weigh-bills received there. These weigh-bills showed that the weight at J. was too light, and this suit was brought to recover for the difference. *Held—*

   (1) That, although the original contract was for the delivery of the cattle at J., and for payment as per weight there, yet it did not bind plaintiff to accept false weights.

   (2) That payment according to the false weight did not estop plaintiff from recovering for the difference between the false and true weight. (*Adams v. Morton*, 37 Iowa, 255.)

   (3) That the controversy as to the weight was a proper subject for settlement by the agreement to accept the weight at Chicago, and that that agreement was not without consideration.

   (4) That under the new contract plaintiff was not bound to prove either the incorrectness of the weight at J., nor the correctness of that at Chicago.

2. **Continuance:** AMENDMENT: IMMATERIAL MATTER. An amendment to a petition filed after the evidence is all in, is no ground for a continuance, where the new matter is immaterial, and can work no possible prejudice to the defendant.

Nelson v. Hagen.

*Appeal from Hamilton Circuit Court.*

TUESDAY, MARCH 1, 1887.

ACTION at law to recover the balance due for cattle sold by plaintiff and his assignor to defendant. There was a judgment in the circuit court for plaintiff. Defendant appeals.

*Martin & Wamback,* for appellant.

*Kamrar & Boeye,* for appellee.

BECK, J.—I. The plaintiff sold to defendant eight head of cattle for shipment to Chicago, and one Jacobson sold at
**1. CONTRACT:** the same time fifteen head for the same pur-
**sale of cattle:**
**false weights:** pose. The evidence tends to show that by the
**estoppel by**
**payment:** terms of the respective sales the cattle were to
**settlement:**
**consideration:** be delivered at Jewell Junction, and the price
**evidence.** determined by their weight to be ascertained
there upon delivery. Jacobson delivered the cattle sold by him, and, after they were weighed, received the money for them according to the weight thus shown. Soon after, on the same day, plaintiff brought his cattle to Jewell Junction, and he and defendant proceeded to weigh them. He tested the scales by the weight of his own person, and declared to defendant that the scales weighed light largely, and denied their accuracy; but they proceeded to weigh the cattle. Plaintiff protested against the weight, and defendant insisted that the scales were accurate. The cattle were driven to defendant's pens, and before they were paid for Jacobson seems to have become a party to the negotiations; his cattle having been weighed on the same scales a short time before. Plaintiff claimed that the weights were largely too light. Jacobson seems to have joined in the claim. Defendant insisted to the contrary. It was finally agreed that defendant should pay for the cattle by the Chicago weights, to be determined by the weigh-bills of the cattle received there, which defendant would show to plaintiff and Jacobson on

his return from that city. Thereupon defendant paid to plaintiff an amount equal to the price of the cattle according to the weights just taken; the balance, if any, to be determined by the Chicago weights. After defendant's return, he showed the weigh-bills to Jacobson, from which it appeared that the cattle weighed largely in excess of their weights taken at Jewell Junction, as claimed by defendant. This excess, added to the " shrinkage" caused by shipment to Chicago, of which evidence was introduced by plaintiff, is the basis of plaintiff's claim, amounting to $150. Jacobson, before the commencement of this action, assigned his claim to plaintiff.

II. It will be observed that plaintiff's right to recover in this action is based upon the fact that there was a dispute and disagreement betweeen him and defendant as to the actual weight of the cattle; plaintiff insisting that the scales at Jewell Junction did not weigh accurately, and the weights shown by them were incorrect, while defendant maintained the contrary. This dispute was settled by the agreement that the question should be determined by the Chicago weigh-bills; defendant agreeing to pay for the difference, if any appeared, and plaintiff agreeing, in effect, to abandon his claim, should no difference appear between the weights at Jewell Junction and the Chicago weigh-bills. The controversy was a proper subject of settlement by agreement, which the law will favor, as it does all settlements of controversies between parties growing out of business transactions. The consideration for this agreement is found in the mutual promises,— that of plaintiff to forego any action or proceeding against defendant on account of the incorrect weights, and that of defendant to pay according to the Chicago weigh-bills. The fact that the money for part of the cattle was paid before the agreement was made does not affect it, for plaintiff could have maintained an action for the false weight at any time after the delivery of the cattle and payment therefor. See *Adams v. Morton*, 37 Iowa, 255. Neither

does the fact that the original agreement of sale was conditioned that the cattle should be weighed at Jewell Junction, and paid for according to those weights, defeat plaintiff's claim. The law will not so interpret the contract as to bind plaintiff to accept false weights, but will construe it to mean that the weights at Jewell Junction should be true and honest. By the agreement of the parties for the settlement, payment was to be made according to the Chicago weigh-bills. These were to determine the true weight. It was not, therefore, necessary to show that these weigh-bills were correct, and gave the true weight of the cattle. Defendant surely could not raise any question as to their accuracy, for he sold and received payment for the cattle in accord with the weights shown by them.

The instructions given by the circuit court to the jury accord with these views. Those requested by defendant, and refused, are in conflict therewith. Rulings admitting evidence tending to show the agreement of the parties to abide by the weigh-bills, and the weight as shown by these bills, are also in accord with these views. And it will be readily seen that, under these doctrines, it was not necessary for plaintiff to show that the weights of the cattle, as shown by the scales at Jewell Junction, were incorrect.

III. After all the evidence had been submitted to the jury, the plaintiff filed an amendment to the petition. It alleges, with a little more explicitness than the 2. CONTINU-ANCE: amendment: imma-terial matter. original petition, the fact that the weight of the cattle, as shown by the scales at Jewell Junction, was incorrect, and shows the number of pounds the cattle really weighed more than the scales indicated. It also sets up the contract to pay for the cattle according to the Chicago weigh-bills, pleaded in the original petition. Defendant moved to strike this amendment from the files, and, upon the motion being overruled, to continue the case. The motion for a continuance was also overruled. Of these rulings defendant now complains. Whatever is contained in

the amendment in regard to the incorrectness of the weights of the cattle at Jewell Junction, not found in the original petition, as we have shown above, is immaterial, for the reason that proof of these weights was not required to establish plaintiff's right to recover upon the agreement to pay for the cattle according to the Chicago weigh-bills. The amendment, if erroneously permitted to stand, could have worked no possible prejudice, and was no ground for the continuance of the case.

The foregoing discussion disposes of all questions in the case. The judgment of the circuit court must be

AFFIRMED.