The Richardson & Boynton Co. v. The Independent District of Hampton.

*J. W. Jamison*, for appellant.

*Keleer & Bush*, for appellee.

---

THE RICHARDSON & BOYNTON CO. v. THE INDEPENDENT DISTRICT OF HAMPTON.

1. **Contract:** CONSIDERATION: COMPROMISE OF DIFFERENCES. A contract made in a compromise of differences in regard to the rights of the parties under a former contract, with regard to the construction of which they were not agreed, *held* to be founded upon a good consideration.

2. **Sale:** WARRANTY LIMITED IN TIME: FAILURE TO OBJECT WITHIN TIME: EVIDENCE. In an action for the price of a furnace, which was sold on a warranty, with a provision that the purchaser should decide as to the success or failure of the furnace on or before January 1, 1882, *held* that evidence was admissible to show that there was no weather prior to that date sufficiently cold to test it, and that, after that time, when the test was made, it failed to work as warranted.

*Appeal from Franklin District Court.*    ·

WEDNESDAY, MARCH 2.

ACTION to recover a balance due plaintiff for heating apparatus furnished to defendant. The cause was tried with-

out a jury, and judgment rendered for defendant. Plaintiff appeals.

*D. W. Henley*, for appellant.

*Harriman & Luke*, for appellee.

BECK, J.—I. The petition alleges that the plaintiff, a corporation, entered into a written contract with defendant to supply heating apparatus for its school-house, for which it was to pay plaintiff the sum of $1,050. The contract prescribes the work, and the character thereof, to be done by plaintiff, and the kind and character of the apparatus to be furnished by it, and the time when the whole shall be ready for use. These terms of the contract need not be more particularly referred to here. It contains a warranty that the apparatus "will heat, in the coldest weather, comfortably for school purposes, the rooms in which said furnaces are placed, and all rooms with which said furnaces are attached by registers, including the high school room in the third story, with the rooms attached by folding doors, when said doors are open. It is understood that the hall need be heated only to make it comfortable for use as a hall." The contract closes with a covenant in the following language: "It is agreed that, if the party of the second part shall decide that the heating apparatus does not warm the building as guaranteed by first party, and does not in every way work to their satisfaction, then said first party shall remove said apparatus, at the option of said second party, and leave the building in every way uninjured: provided that second party shall decide as to the success or failure of the apparatus on or before January 1, 1882." The petition shows that defendant paid to plaintiff for the furnaces $750. The plaintiff seeks to recover the balance due on the contract, with interest.

The defendant in its answer alleges that the furnaces did not comply with the warranty of the contract, and avers

*Margin note: 1. CONTRACT: consideration: compromise of differences.*

that prior to the first of January, 1882, there was no weather sufficiently cold to afford an opportunity to test the furnaces and determine thereby whether they complied with the warranty, and it did not therefore notify plaintiff of their insufficiency, and demand their removal; but soon after, such test was made, and the insufficiency of the furnances was thereby ascertained, of which plaintiff was duly informed. It is further alleged that defendant sustained damage in a large sum by reason of the failure of the furnaces to comply with the warranty, and held a claim therefor. Thereupon, in consideration of these matters, the plantiff made the defendant a proposition pertaining to the difference between the parties, in these words:

"HAMPTON, IOWA, May 19, 1883.

" *To the Board of Directors of the Independent District of Hampton, Ia.*—GENTS: We propose to take for the furnaces placed in your school building, as they now are, the sum of seven hundred and fifty dollars ($750) in full, reserving the privilege of showing to your satisfaction, during the coming winter, that they will warm the building according to the terms of our original contract, in which case you are to pay us, in addition to the seven hundred and fifty dollars, ($750,) a sufficient amount to make the whole payment equal to the original contract price, with interest as stated therein."

"RICHARDSON & BOYNTON CO.

"Per J. H. MANNEY."

This proposition was on the day of its date accepted by formal action of defendant's board of directors, and on the same day plaintiff was paid by defendant the amount of $750. It is alleged that plaintiff did not, in performance of its proposition, show to defendant that the furnaces would warm the building according to the terms of the original contract, although plaintiff had ample opportunity to do so. Plaintiff, in a reply, denies the allegations of defendant's

answer, and alleges that plaintiff did not show to defendant's satisfaction that the furnaces would and did, when properly managed, comply with the warranty of the original contract. Other allegations of the pleadings need not be recited.

II.　Counsel for plaintiff insist that the compromise contract was void for want of consideration, and the district court therefore erred in admitting that instrument in evidence, and in admitting evidence showing the condition of the weather prior to January 1, 1882, and the failure of the furnaces after that day. It will be understood from the pleadings that there was a difference between the parties as to the construction of the first contract, and a consequent dispute as to the rights, obligations and liabilities of the respective parties under it; the plaintiff in effect insisting that defendant was cut off from all ground of complaint by its failure to test the furnaces prior to January 1, 1882, and defendant maintaining that it was excused from making such test prior to that time, for the reason that there was no weather sufficiently cold to render the test possible; that the stipulation as to the test prior to that day by its very language is intended to secure the right of defendant to demand and enforce the removal of the furnaces if they proved insufficient by tests made prior to January 1, 1882, and that, in the absence of such test, the defendant retained the right, under the covenants of the contract warranting the furnaces, to recover damages by reason of their insufficiency, and recoup it against the plaintiff's claim for their purchase price.　We need not consider the questions of law and fact thus raised, and determine which party is right.　All that we need know is that there was a controversy between the parties, each claiming in good faith rights in itself, and liabilities against the other, wherefrom arose a subject of dispute capable of being settled and compromised.　This was done by the second contract made by plaintiff's proposition and defendant's acceptance thereof.　The law favors such settlements of controversies, and finds a consideration for the contract

The Richardson & Boynton Co. v. The Independent District of Hampton.

looking to the compromise in the mutual agreement of the parties to abide the result of the settlement. *Adams v. Morton*, 37 Iowa, 255. The second contract was rightly admitted in evidence.

III. The evidence as to the conditions of the weather prior to January 1, 1882, being such that no test could have been made, was admissible to show the ground upon which defendant based excuse for making such a test, and its good faith in insisting upon it. The evidence showing failure of the furnaces after that time was competent to show that defendant did not arbitrarily and without cause withhold its expression of satisfaction with and approval of the furnaces. The evidence here referred to was rightly admitted.

2. SALE: warranty limited in time: failure to object within time: evidence.

The evidence relating to the sufficiency of the furnaces to comply with plaintiff's warranty is conflicting. Surely it is sufficient to establish the fact that defendant in good faith and for cause withheld its approval of the furnaces, which it was authorized to do under the second contract. Indeed, we think the evidence justifies the conclusion that the furnaces did in fact fail to comply with the conditions of the warranty. While the district court hardly bases its decision on that ground, it is nevertheless supported thereon, which is a cogent reason for affirming the judgment, even though we should hold that the refusal of defendant to approve the furnaces would alone give it the right to recover under the second contract.

The foregoing discussion disposes of all questions in the case. We reach the conclusion that the judgment of the district court ought to be

AFFIRMED.