SCHABEN V. BRUNNING & SON.

1.  Appeal : EVIDENCE TO SUPPORT VERDICT.  Where the evidence is conflicting, this court will not interfere with a verdict on the ground that it is not sustained by the evidence.

2.  Consideration : SETTLEMENT OF CLAIMS.  A settlement of conflicting accounts is a valid consideration for an agreement to pay a balance found due one of the parties.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

FILED, MARCH 9, 1888.

ACTION to recover for goods sold and delivered. Defendants admit the claim of plaintiff, and plead counter-claims.  Verdict and judgment for defendants. The plaintiff appeals,

*Macomber & Son*, for appellant.

*E. M. Betzer* and *J. M. Drees*, for appellees.

ROBINSON, J.—I. The chief controversy in this case is over the liability of plaintiff for certain goods 1. APPEAL: evidence to support verdict. sold and delivered, but which, he insists, were never purchased or received by him, and for which he never agreed to pay.  The evidence tends to show that these goods were, in fact, sold and charged to a brother of appellant.  It appears that appellant and this brother were for several years engaged in the milling business under the firm name of Schaben Bros.  While they were so engaged, they sold to defendants merchandise to the amount of $1,045.76. During the same time, defendants sold to Schaben Bros. lumber and wheat to a considerable amount.  They had given their note to one of the defendants.  The goods in controversy had been sold, and defendants seemed to

Schaben v. Brunning & Son.

claim that both plaintiff and his brother were liable for their price. In January, 1884, all the members of the firm of Schaben Bros. and C. Brunning & Son met and attempted to settle their respective claims. It is insisted by defendants that this was accomplished; that the claim for the goods in controversy was included; and that a balance of $245.36 was found, and agreed by all of the persons aforesaid to be due the defendants. It is further claimed that plaintiff and his brother agreed to give their note at a later date for this agreed balance. The note was not given, and the settlement and agreement are denied by plaintiff. The evidence is conflicting, and that given on the part of the defendants is not altogether satisfactory. But we are not prepared to say that there was not sufficient evidence to sustain the verdict.

II. Appellant insists that there was no consideration for his alleged promise to pay the balance found to be due the defendant on settlement. If there was a settlement of accounts and claims between the parties, the agreement as to what were the rights and liabilities of the several parties would be a sufficient consideration for a promise to pay the balance found to be due the defendants. The failure to give the note as agreed would not defeat the settlement.

2. CONSIDERA-
TION: settle-
ment of
claims.

III. It is claimed by appellant that the court below erred in certain rulings made during the introduction of evidence on the trial. We do not think this claim is well founded.

AFFIRMED.