MRS. E. M. HEFFELFINGER, Appellant, v. A. HUMMEL.

Settlement of Disputed Claims: · Consideration.  A contract
establishing a balance due to one party to it in lieu of disputed claims
between the two, is on good consideration.  (2)

SAME.  It is held that the evidence establishes such a contract, and there
is a reversal for a contrary holding, below.  (1)

*Appeal from Grundy District Court.*—HON.  J.  L.
HUSTED, Judge.

SATURDAY, FEBRUARY 3, 1894.

ACTION to recover for damages alleged to have
been caused to plaintiff by sales of intoxicating liquors
made by defendant to the husband of plaintiff, and to
establish a lien therefor upon certain real estate;  also,
to recover an amount alleged to be due on account.
There was a hearing on the merits, and a decree in
favor of defendant.   The plaintiff appeals.—*Reversed.*

*C. E. Albrook* for appellant.

*R. J. Williamson* and *Boies, Couch & Boies* for
appellee.

ROBINSON, J.—The original petition in this case
was filed September 24, 1891, and demanded judgment
against defendant for the sum of five thousand dollars
on account of sales of intoxicating liquors made to the
husband of plaintiff, and consequent damages to her,
and asking that her claim for damages be established
as a lien upon the premises in which the sales were
made;  also demanding judgment for two hundred and
sixty-nine dollars and fifty cents for medical services
rendered by the husband of plaintiff at the request of
defendant, the claim for which, the petition alleges,

has been assigned to the plaintiff. In November the defendant answered the petition, denying some of its averments, and pleading the statute of limitations as to some of the alleged sales. He denied any indebtedness on the account in excess of the sum of one hundred and eighty-three dollars. On the eighth day of December the plaintiff filed a supplemental petition, in which she alleged that in the latter part of September, and since the commencement of the action, she and the defendant had agreed that he should pay her the sum of five hundred dollars and costs as settlement in full of her claims set out in the petition, and including an account defendant had presented as an offset to the account assigned to her. She, therefore, demanded judgment against him for five hundred dollars on the agreement of settlement and costs. The defendant filed an answer to that pleading, in which he denied its averments, and alleged that the agreement of settlement had not been carried out by plaintiff, and that it was without consideration and void. The action was tried as in equity, and after a hearing on the merits the supplemental petition was dismissed. At a subsequent term, but before the judgment entry had been signed, the court, on the application of defendant, corrected the record, and made it show that both the original and supplemental petitions had been dismissed. The appeal is from the judgment as first rendered and as corrected.

I. The appellee contends that the evidence does not show that a settlement was made as claimed. The averment of the pleading that the settlement was made in September was evidently an error, as the negotiations for it were not concluded until after the answer to the original petition was filed. The plaintiff was married to her husband about thirteen years before the hearing in the district court was had, and during that time they had resided in Grundy Center.

He was a physician, and the defendant was a saloon keeper, and, later, a druggist. The plaintiff claimed that defendant had sold her husband intoxicating liquors for several years, and that, in consequence of drinking liquors so obtained, she had suffered personal violence from him, and had been injured in her means of support. Her husband had rendered professional services for the family and brother of defendant, on account of which he admitted an indebtedness, as stated, for services rendered his family. Before this action was commenced he presented an account to the plaintiff against her husband for merchandise of various kinds to the amount of one hundred and sixty-six dollars and sixty-six cents, and for an item of seventy-five dollars "for saloon bill." After the action was commenced, he visited her several times for the purpose of effecting a settlement. She states that he finally offered to pay her five hundred dollars and costs in settlement of the matter in controversy between them, and that she accepted the offer. She further states that he left her when the settlement had been effected, promising to return with the money and pay her within fifteen minutes; that he did not return as agreed, and has never paid her any money; that he afterward called on her, and asked her to accept less than the sum agreed upon, but that she refused to do it, insisting that they had already effected a settlement; that he admitted that they had done so, but said he had changed his mind. She is corroborated in what she says in regard to his admissions by two witnesses. The defendant denies the alleged settlement, and says he offered her but four hundred dollars, which she refused to accept. He denies the alleged admission, and in that is corroborated by one witness. The answer denies knowledge or information of the assignment of the account claimed by plaintiff sufficient to form a belief. The evidence in regard to the assignment is

meagre, but sufficient, in the absence of conflicting evidence, to show that the account is owned by the plaintiff. Several questions, which treated the account as having been assigned to her, were answered in the affirmative without objection on the part of defendant, and we think it is established that, at the time it is claimed the settlement was made, the defendant owed the plaintiff one hundred and eighty-three dollars on the account. While the attempts for a settlement were being made, the defendant admitted to her that money would not compensate her for the damages she had sustained by reason of the sales of liquor to her husband, but he claimed he had not made all of them. We are satisfied that defendant considered himself liable to plaintiff for a considerable sum of money on account of the claims she was urging against him, and that for the purpose of settling them he agreed to pay her the sum of five hundred dollars and costs. The greater number of witnesses testify to that effect, and they are corroborated to some extent by the admission of the defendant, and the conditions which are shown to have existed when the settlement was made.

II. The appellee contends that the agreement was for an accord and satisfaction, and, as it has not been executed, that it can not be enforced. He admits, however, that "when the owners of conflicting and disputed claims against each other, or the parties to a disputed and unliquidated claim in favor of one and against the other, enter into a contract by which the original demand or demands are waived and extinguished,—a contract which is made and accepted in lieu of the original demands and in satisfaction of them,—such a contract is supported by a sufficient consideration and is valid." This is in substance a correct statement of the law. *Schaben v. Brunning*, 74 Iowa, 102, 36 N. W. Rep. 910; *Nelson v. Hagen*, 72 Iowa, 706, 31 N. W. Rep. 875; *Richardson & Boynton*

*Co. v. Independent District of Hampton*, 70 Iowa, 574,
31 N. W. Rep. 871; *Merry v. Allen*, 39 Iowa, 235;
*Hall v. Smith*, 15 Iowa, 584. We think this case is
governed by the rule of the cases cited. The agree-
ment was intended to be a settlement of all matters in
dispute between the parties, and to be in lieu of other
liabilities which were claimed to exist. We conclude
that the decree of the district court is erroneous, and it
is therefore REVERSED.