J. G. CARTER, Appellant, v. IOWA STATE BUSINESS MEN'S
BUILDING AND LOAN ASSOCIATION, Appellee.

**Over payment:** RECOVERY.  A borrowing member of a building and
loan association, who, with knowledge of all the facts volun-
tarily pays to the association, in liquidation of his indebted-
ness, a sum in excess of the amount he contends is due can-
not recover back such sum from the association.

*Appeal from Marshall District Court.*— HON. GEO. W.
BURNHAM, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION by plaintiff to recover overpayments made by him to defendant association.   Judgment for defendant, and plaintiff appeals.— *Affirmed.*

*F. E. Northup,* for appellant.

*J. L. Carney,* for appellee.

DEEMER, J.— Plaintiff contends that defendant wrongfully and fraudulently exacted more payments from him as a stockholder in defendant association than it was entitled to receive under its contracts and plan of doing business. He says he did not discover the mistake until shortly before the bringing of this action, and that immediately upon learning the facts he brought this suit, demanding an accounting and the return of the money so overpaid.   Defendant denied any overpayments, averred that the final amount paid was in compromise and settlement of its claim, and some other matters which need not now be noticed.   The trial court dismissed the petition, and plaintiff appeals.

Appellant contends that he was not required to make more than eighty-four payments in order to mature his stock and cancel his indebtedness to the corporation, but that he was compelled by the wrong and fraud of defendant's officers and agents to pay something like $150 more than eighty-four payments would amount to.   As to the first proposition in the case, we have already ruled in a case against this same association that plaintiff was not in fact required to make more than eighty-four payments to mature his stock, and that defendant could not rely upon the plea of *ultra vires.* See *Iowa Association v. Berlau,* 125 Iowa, 22.

And the only question in the case is:   Were the overpayments made in such a manner as that plaintiff cannot recover on account thereof?   It is the general rule that, to jus-

tify the return of money paid, it is not enough to show a mere unwillingness to pay. The payment must be compulsory and under a mistake of fact. *Dickerman v. Lord,* 21 Iowa, 338; *Weaver v. Stacey,* 93 Iowa, 69; *Paulson v. Barger,* 132 Iowa, 547. Another rule is that settlements are favored in law, and that every presumption will be indulged in favor of their fairness and correctness. *Adams v. Morton,* 37 Iowa, 255; *Richardson v. Ind. Dist.,* 70 Iowa, 576; *Brewster v. Gelston,* 11 Johns (N. Y.) 390. Moreover, where a party attempts to avoid a settlement, he must place the other party in *statu quo.* 8 Cyc. 531, and cases cited. Now, the testimony shows that plaintiff made his loan April 28, 1893, for the sum of $700. He makes no complaint that he did not receive what was coming to him, but he does say that he paid more than defendant was entitled to receive. Plaintiff claims that at the end of eighty-four monthly payments he went to the secretary of defendant association, and was informed that it would cost him $150 to settle the loan, and get his release; that according to the secretary's figures he (plaintiff) must pay this amount; that he (plaintiff) did not know the truth of the matter, and that he was told that he would have to pay the $150 to get his release; that he did not know what else to do, and that he paid the $150. He does not claim that any foreclosure suit was started or threatened. When he made the payment, he received the note and mortgage with a release of the latter, which he has not returned or offered to return. Certain figures were shown plaintiff at the time he settled and received his papers, but they have not been produced, and there is no showing that defendant was guilty of any fraud or misrepresentation in making them. At that time it was contending that there was no limit as to the number of payments to be made, save that the stock must have been fully paid up, and the case to which we have heretofore referred had not then been decided. There is some doubt about plaintiff's having made the eighty-four payments required by defendant's contracts and plans;

but however this may be, defendant was then contending that these payments had not been made. No mistatements were made to plaintiff, nor is there any such proof of fraud as to justify an affirmative finding on this issue. The payment in this case was clearly not under duress or through compulsion. It was voluntary. And under the rule announced in *Dickerman's* case, *supra,* there can be no recovery. See, also, *Davenport v. Rogers,* 39 Iowa, 298. Moreover, there being doubt or at least a dispute as to the amount due, and plaintiff having paid the sum claimed in settlement and not under compulsion, he cannot recover. *Adams v. Morton,* 37 Iowa, 255. As we have already said, there is nothing to show fraud or bad faith on the part of defendant's officers. See, also, *Keefe v. Vogle,* 36 Iowa, 87. See, as further sustaining our conclusions, *McArthur v. Luce,* 43 Mich. 435 (5 N. W. 451, 38 Am. Rep. 204); *Nat. Co. v. Jones,* 59 N. Y. 649; *Bergenthal v. Fiebrantz,* 48 Wis. 435 (4 N. W. 89). There does not seem to have been a mistake as to any of the facts, and the judgment appears to be correct.

It is therefore *affirmed.*